**FREDERICK v. MOTORS MORTGAGE CORPORATION.**

**SAME v. HIRSH.**

(District Court, W. D. Pennsylvania. November, 1923.)

Nos. 2936, 2937.

1. **Bankruptcy 302(1)—Trustee, seeking recovery for fraudulent transfers, need not plead proof.**

A pleading of proof by trustee in bankruptcy, suing to recover for transfers as fraudulent, is not required.

2. **Corporations 505—Demurrer on ground of misnomer of defendant held without merit.**

Summons having issued against defendant the Motors Mortgage Corporation in that name, and that name being used throughout the statement, except that in several clauses defendant is mentioned as "Motors Mortgage Company," demurrer on ground of misnomer of defendant is without merit.

3. **Bankruptcy 302(1)—Replevin 1—Action to recover value of fraudulent preference not one in replevin, relative to pleadings.**

Action by trustee in bankruptcy to recover value of property, as conveyed to defendant within four months of bankruptcy proceedings to defraud creditors, held not one of replevin, so as to require plaintiff's pleading to comply with Replevin Act Pa. § 4 (Act April 19, 1901 [P. L. 88; Pa. St. 1920, § 18973]).

4. **Bankruptcy 302(1)—General allegation as to date of fraudulent transfer sufficient against demurrer.**

Allegation of statement, in suit to recover value of fraudulent transfer, that property was turned over to defendant within four months of the bankruptcy, mentioning only the year, is capable of being cured by bill of particulars, and so not subject for demurrer.

5. **Pleading 214(8)—Facts not determined by court on demurrer.**

On demurrer, the court cannot determine the facts to be other than as alleged in the pleading.

See, also, 1 F. (2d) 438.

GIBSON, District Judge. The above causes came up for argument at the same time and certain of the questions raised were common to each case. They are therefore considered together. The trustee in bankruptcy has brought suit against each of the defendants to recover the value of certain automobiles alleged to have been transferred to the defendants within four months of the bankruptcy proceedings for the purpose of hindering, delaying, and defrauding the creditors of the latter. The defendants have each filed an affidavit of defense in lieu of a demurrer, wherein they deny the sufficiency of the statement.

[1, 2] We are of the opinion that the statement in each case, although possibly capable of improvement in form, fairly sets forth a cause of action under section 70e of the Bankruptcy Act (Comp. St. § 9654). Upon argument, it was apparent that counsel for the respective defendants was endeavoring to require a pleading of proof on the part of the plaintiff. This is not required. If defendant has a good defense he can establish it at the trial. In the demurrer filed by the Motors Mortgage Corporation, misnomer of the defendant is alleged. An examination of the record fails to disclose it. The summons was issued against the Motors Mortgage Corporation. The first paragraph of the statement alleges that the suit was brought against the Motors Mortgage Corporation, and that name is used throughout the statement, except in several clauses where the defendant is mentioned as Motors Mortgage Company. There is no possibility of misunderstanding as to the defendant intended to be sued. The time of a busy court should not be taken up with finely drawn technicalities of this nature.

[3] In the same case the main contention, however, is that the case is essentially one of replevin, and that the pleading should be drawn in accordance with the Pennsylvania Replevin Act, which requires the plaintiff to file "a concise statement of his demand, setting forth the facts upon which his title to the goods and chattels is based." Act Pa. April 19, 1901, § 4 (P. L. 88; Pa. St. 1920, § 18973). We do not agree with counsel in this contention. However, the allegation of title is probably sufficient under the Replevin Act. Drumgoole v. Lyle, 30 Pa. Super. Ct. 463.

[4, 5] Counsel for the defendant Hirsh has urged a lack of specific allegation as to the date when the property in question was turned over to the defendant. The statement alleges that it was done within four months of the bankruptcy, but the date was left blank in the pleading, with the exception that the year 1922 was mentioned. This is a general allegation, which is capable of being cured by a bill of particulars. Counsel, upon argument, claims that the property was transferred to his client for more than four months preceding the petition in bankruptcy. Needless to say, the court cannot determine the facts of the case upon demurrer.

As stated before, we are of the opinion that the statements in each case fairly set forth a cause of action. This conclusion requires a denial of judgment prayed in the demurrers.