**FOODTOWN OF OYSTER BAY, INC.,**
**Appellant,**

**v.**

**DILBERT'S LEASING AND DEVELOP-**
**MENT CORPORATION, Debtor-**
**Appellee.**

**No. 510, Docket 28952.**

United States Court of Appeals
Second Circuit.

Argued June 12, 1964.

Decided July 20, 1964.

Lawrence G. Nusbaum, Jr., New York City, for appellant.

Daniel A. Shirk, New York City (Joseph Jaspan, Brooklyn, N. Y., on the brief), for debtor-appellee.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

**J. JOSEPH SMITH, Circuit Judge.**

Foodtown of Oyster Bay, Inc., the lessee of store premises at 111 South Street, Oyster Bay, New York, appeals from an order of the United States District Court for the Eastern District of New York, Matthew T. Abruzzo, District Judge, awarding possession of the leased premises and a judgment of $1,261.12 for unpaid rent to the debtor-lessor, Dilbert's Leasing and Development Corporation, which is currently in reorganization under Chapter X of the Bankruptcy Act. We find no error and affirm the order of the district court.

On January 10, 1963, Dilbert's Leasing and Development Corporation leased the premises for a term of ten years, commencing April 1, 1963, to One Eleven South Street Corporation for a monthly rental of $2,579.27. A rider to the lease obligated the lessee to pay as additional rent the amount by which the real property taxes on the premises exceeded the sum of $10,699.24. This additional rent was due on the first day of the month following the lessor's notifying the tenant of the assessment of excess taxes. On February 5, 1963 the lessor filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. On March 14, 1963, the same day the lessor filed an amended petition for relief under Chapter X, the lease was assigned to the appellant.

On March 5, 1964 the trustee of the lessor petitioned the district court for an order to show cause why the lessee should not be dispossessed and why a judgment for unpaid and overdue rent should not be entered. The petition alleged that the trustee had duly demanded and the lessee had failed to pay $1,261.12 additional rent for excess real property taxes that had become due on January 1, 1964, and $5,158.54 overdue rent for the months of February and March. At the request of the lessee's attorney, the hearing on the order to show cause was adjourned until April 8, 1964. During the interim, the lessee paid the back rent, and the order to show cause was marked off the calendar. However, after the lessee's check for the $1,261.12 additional rent failed to clear the bank on several occasions, the trustee had the show cause order restored to the calendar.

The lessee has never answered the allegations of the trustee's petition. Instead it moved to quash the show cause order on the ground that the court lacked jurisdiction to determine the merits of the controversy in a summary proceeding because the lessee is in possession of the property and has a substantial adverse claim which must be determined in a plenary suit. However, the affidavit failed to state the nature or basis of this "substantial adverse claim." Nor were any facts to back up the claim stated at any stage in the action. The district court denied the jurisdictional objection raised by the appellant and gave the appellant three and a half hours in which to file an answer to the allegations of the trustee. No answer was filed during that period, and the district court granted the relief requested by the trustee.

The main thrust of this appeal is that the reorganization court lacked jurisdiction to dispossess the lessee by a summary proceeding. While it is well settled that a bankruptcy court may summarily adjudicate controversies involving property claimed to be a part of the bankrupt's estate which is in the actual or constructive possession of the bankrupt, Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876 (1940), we agree with the appellant that a lessee in possession under a valid lease cannot normally be ousted save by a plenary suit in the reorganization court or in the state courts unless he consents to the exercise of the bankruptcy court's summary jurisdiction. Matter of Mt. Forest Fur Farms of America, 122 F.2d 232 (6 Cir. 1941), cert. denied, 314 U.S. 701, 62 S.Ct. 480, 86 L.Ed. 561 (1942); 6 Collier on Bankruptcy 706 (14th ed. 1947). The appellee is mistaken in contending that possession by the lessee confers constructive possession on the lessor so as to permit exercise of summary jurisdiction; to the contrary, possession by the lessee

**770**

under an initially valid lease is hostile to possession by the lessor. See 2 Collier, Bankruptcy, § 23.06[12].

However, under the facts here, we are constrained to hold that the lessee consented to the exercise of summary jurisdiction. The lessee was served by registered mail with the order to show cause signed March 5, 1964. Counsel for the lessee admitted service on that date, obtained an adjournment for a month so that he could arrange for payment and take a vacation, and adjournments from time to time while payments were being made. Although the attorney for the tenant wrote on March 5 that he had advised his client to make payment without prejudice to any of his rights concerning the motion, a series of adjournments followed without any question being raised of the summary nature of the proceeding. Two months' basic rent back payments were made during this period, but a check for additional rent measured by taxes, due under the lease several times failed to clear and the motion was brought on for hearing. It was only after these occurrences that counsel for the lessee on May 22 attempted to file a special appearance and object to the exercise of summary jurisdiction by the reorganization court.

■ We think that the lessee's participation in the summary proceedings, arranging for continuances of the order to show cause over the period from March 5 to May 22, retaining possession while making back payments, even though admitting in argument on the motion on May 22 the trustee's right to possession, amounted to a consent to the summary character of the proceeding. The lessee obtained the advantage of the delay from the continuances in the summary proceeding itself and should not now be heard to object that a different procedure should have been followed during that period to enforce the trustee's admitted right. We therefore do not reach appellee's further contention based on the debtor's possession at the time of the petition. The district court's exer-

cise of summary jurisdiction was quite proper.

■ We see no merit to appellant's contentions that New York eviction practice and procedure should have been followed, for they are not binding upon a bankruptcy court. Cf. Sproul v. Gambone, 34 F.Supp. 441 (W.D.Pa.1940); Frederick v. Motors Mtge. Corp., 1 F.2d 437 (W.D.Pa.1924).

The order of the district court is affirmed.