In re **INTERNATIONAL LEASING CORPORATION**, Debtor.
**BIGELOW MOTOR COMPANY**, Appellant,

v.

The **DETROIT BANK & TRUST COMPANY**, Appellee.

No. 17758.

United States Court of Appeals
Sixth Circuit.

March 28, 1968.

Malcolm D. Obenour, Akron, Ohio, for appellant; Obenour, Baker & Kirk, Akron, Ohio, of counsel.

John R. Cobau, Detroit, Mich. (Freud, Markus, Slavin & Mountain, Detroit, Mich., on the brief), for appellee; Harold E. Mountain, Jr., John R. Cobau, Detroit, Mich., of counsel.

Before WEICK, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

The appellee bank is trustee for International Leasing Corporation, a Michigan corporation (herein "the Michigan corporation"), which is the subject of reorganization proceedings in the United States District Court for the Eastern District of Michigan under Chapter 10 of the Bankruptcy Act. 11 U.S.C. § 501 et seq. Shortly after the reorganization proceedings commenced, the District Court issued an injunction restraining interference with the Debtor's assets. Subsequent to this injunction, appellant, Bigelow Motor Company, seized two cars which the trustee claims are owned by the Debtor. In response to an order to show cause why it should not surrender the two cars to the trustee, appellant challenged the court's jurisdiction over the cars on the ground that the Michigan corporation did not own them. From the adverse decision on this motion, the instant appeal was perfected.

Appellant contends that it is the secured creditor of International Leasing Corporation, an Ohio corporation (herein "the Ohio corporation"), which owned the cars at the time the Chapter 10 petition was filed. Although it was asserted at oral argument before this court that the Ohio corporation is a franchisee of the Michigan corporation, both parties stated in their respective briefs that no known relationship existed between the two corporations. Appellant tendered to this court copies of certificates of title for the two automobiles in question, both of which designate the owner as "International Leasing Corporation," and the "Owner's address * * *" as in Akron, Ohio. Because appellant did not appear at the hearing on its objection to jurisdiction, copies of these certificates were not presented to the District Court.

■ A district court sitting as a bankruptcy court in a Chapter 10 reorganization proceeding has exclusive, or summary, jurisdiction of the debtor and its property, wherever located, as of the date of the filing of the petition. In the Matter of Cuyahoga Finance Company, 136 F.2d 18 (6th Cir. 1943); 6 Collier,

Bankruptcy ¶ 3.04[1] (14th ed. 1965). Summary jurisdiction of the reorganization court to adjudicate controversies arising over property claimed to be part of the debtor's assets depends upon whether the court has possession, actual or constructive, of the property in dispute. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940); cf., Converse v. Highway Construction Co., 107 F.2d 127, 127 A.L.R. 860 (6th Cir. 1939); Foodtown of Oyster Bay, Inc. v. Dilbert's Leasing and Development Corp., 334 F.2d 768 (2 Cir. 1964). The court has constructive possession

> "where the property was in the physical possession of the debtor at the time of the filing of the petition * * * but was not delivered by him to the trustee; where the property was delivered to the trustee, but was thereafter wrongfully withdrawn from his custody; where the property is in the hands of the bankrupt's agent or bailee; where the property is held by some other person who makes no claim to it; and where the property is held by one who makes a claim, but the claim is colorable only." Taubel-Scott-Kitzmiller Co., Inc. v. Fox, 264 U.S. 426, 432–433, 44 S.Ct. 396, 399, 68 L.Ed. 770 (1924) (Footnotes omitted).

See also In Matter of Mt. Forest Fur Farms of America, Inc., 122 F.2d 232 (6th Cir. 1941), cert. denied, 314 U.S. 701, 62 S.Ct. 482, 86 L.Ed. 561 (1942); see generally Collier, op cit. supra, Vol. 6, ¶ 3.05 and Vol. 2, ¶¶ 23.04–06. Of course a district court has jurisdiction to determine whether it has actual or constructive possession. Taubel-Scott-Kitzmiller Co., Inc. v. Fox, supra.

The record in the case at bar provides an inadequate basis for an affirmance of the District Court's conclusion that it had summary jurisdiction over the automobiles in question. In denying appellant's objection to jurisdiction and directing the turnover of the cars to the trustee, the court merely recited that it appeared "to the satisfaction of the Court that it does in fact have summary jurisdiction over the vehicles. * * *" Appellee's counsel represented to the District Court that the two vehicles were in possession of "the lessee" of the Debtor, but no evidence was adduced establishing possession at the time of the filing of the reorganization petition. Manifestly, no findings were made that the party, or parties, in possession of the cars claimed no title to them, or that any such claims were merely colorable. Accordingly, the judgment of the District Court is vacated and the cause remanded for further findings on the issue of the court's summary jurisdiction, and for the taking of such additional relevant evidence as may be offered. In any further proceedings had in this matter, notice should be given to both the Ohio and Michigan corporations, the parties to this action, Commercial Discount Corporation, and any other party claiming an interest in, or lien on, the two automobiles.

So ordered.