HARRIS ET AL. *v.* AVERY BRUNDAGE CO. ET AL.

No. 53.   Argued November 8, 1938.—Decided November 21, 1938.

*Messrs. Benjamin F. J. Odell* and *Kenart M. Rahn* for petitioners.

*Mr. Sigmund W. David* for respondents.

MR. JUSTICE BLACK delivered the opinion of the Court.

Did the bankruptcy court in this involuntary proceeding have jurisdiction to order the disposition of property in the possession of persons found by the court to be holding as agents of the alleged bankrupt?

Respondents engaged the Tax Service Association of Illinois to seek exemption for respondents from an Illinois tax. The contract entitled the Association to $1,500 cash, and an additional $20,000 should the Supreme Court of Illinois find respondents exempt. The contract authorized the Association to retain petitioner Odell as attorney to prosecute the claimed exemption without cost to respondents for his services. Odell endorsed the contract between respondents and the Association with the statement: "I hereby consent to retention under the terms of this agreement." Under the contract respondents made payments—corresponding to their possible tax liabilities—into an Escrow Fund. Petitioners Odell and Harris, employed by the Association, and one Craig, deposited these payments pursuant to a letter [1] to the Bank which declared that the funds deposited were not the property of either Odell, Harris or Craig, but were in their custody.

The Supreme Court of Illinois decided respondents were liable for the tax,[2] and thereafter an involuntary petition in bankruptcy was filed against the Association. Craig was willing but Odell and Harris refused to comply with respondents' request for the return of the payments

---

[1] "National Builders Bank of Chicago.

"Gentlemen:

"There has been opened with you a certain account entitled Sales Tax Escrow Fund. There will be delivered to you from time to time hereafter for deposit to the credit of said account certain checks for various amounts issued by sundry contractors.

"You are hereby instructed that *the funds from time to time on deposit in said account are not the funds of the undersigned, but are under the custody and control of the undersigned* pending the outcome of proposed negotiations with the Department of Finance of the State of Illinois. Withdrawals from the account are to be made only on written order of the undersigned, three of whom must act together as indicated. Each check must bear the signature of either: Benjamin F. J. Odell or Ruth V. Willner; and R. G. Harris or P. N. Weaver, together with E. M. Craig or R. D. Steel." (Italics supplied.)

[2] *Blome Co.* v. *Ames,* 365 Ill. 456; 6 N. E. 2d 841.

they had made into the Fund, and respondents filed a petition for their recovery in the bankruptcy court. Petitioners consented and agreed in open court to an order of the bankruptcy court which required them to pay seventy-five per cent of the Fund ($242,000) to the State of Illinois in discharge of respondents' tax liability, and which also provided that "the balance in said ... Fund ... shall remain and be held ... subject to the further order" of the bankruptcy court. It recited that petitioners "agreed that [the bankruptcy court] had jurisdiction to enter this order."

Respondents then filed a second petition to recover an additional $48,580.40 from the Fund, with $20,000 to remain "subject to the further order of" the court. In answer to respondents' claim, the Bank and Craig disclaimed any interest in the Fund. The sole claim adverse to respondents was asserted by the receiver of the Association, for $20,000. Neither Odell nor Harris claimed any interest in the Fund. In response to the court's requests to answer, petitioners alleged that the court had no jurisdiction to determine rights relating to the Fund. After a hearing, the court found that it had jurisdiction and ordered petitioners to pay $48,580.40 from the Fund to respondents, the balance to remain "subject to the further order of [the] ... Court ..." The following day the court ordered that petitioners' pleadings which challenged its jurisdiction over the $20,000 balance in the Fund be struck, and that petitioners answer within twenty days to the merits on respondents' claim to this balance.

Petitioners did not answer, but appealed from both orders. The Circuit Court of Appeals affirmed.[3]

A court of bankruptcy has jurisdiction to "bring in and substitute additional persons or parties in proceedings in

---

[3] 95 F. 2d 373.

bankruptcy when necessary for the complete determination of a matter in controversy; [and to] cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto," with exceptions not here material.[4] This jurisdiction of the bankruptcy court extends to the determination of controversies relating to all property in the debtor's physical possession *or* in the hands of the debtor's agent at the time of the filing of a petition in bankruptcy.[5] In every case the bankruptcy court has power, in the first instance, to determine whether it has that actual or constructive possession which is essential to its jurisdiction to proceed.[6]

Here, both courts below found that Harris and Odell were agents of the debtor (the Association) and had custody of the Escrow Fund as such agents at the time the petition in bankruptcy was filed and thereafter. We accept this finding,[7] and proceed to a consideration of the jurisdictional question.[8]

Petitioners controlled and had custody of this Fund as agents of the Association and did not assert any adverse interest in themselves. In the absence of a substantial adverse claim, the bankruptcy court acquired jurisdiction—when the petition in bankruptcy was filed—to de-

---

[4] Bankruptcy Act, c. 2, 11 U. S. C., § 11 (6, 7). As to exceptions, see *Bryan* v. *Bernheimer*, 181 U. S. 188, 194.

[5] *Mueller* v. *Nugent*, 184 U. S. 1; see *Whitney* v. *Wenman*, 198 U. S. 539, 552; *Taubel-Scott-Kitzmiller Co.* v. *Fox*, 264 U. S. 426, 432, 433 and notes; *May* v. *Henderson*, 268 U. S. 111, 115.

[6] *Taubel-Scott-Kitzmiller Co.* v. *Fox, supra,* 433; *May* v. *Henderson, supra,* 116. See, *Harrison* v. *Chamberlain*, 271 U. S. 191, 194.

[7] "In this case, however, respondent [petitioners] asserted no right or title to the property before the referee, and the circumstances under which he [they] held possession must be accepted as found by the referee and the District Court." *Mueller* v. *Nugent, supra,* 15.

[8] Cf. *Page* v. *Arkansas Gas Corp.*, 286 U. S. 269, 271.

termine controversies relating to the Fund,[9] and had power by summary proceedings to compel its surrender.[10] Furthermore, petitioners consented and agreed in open court and respondents assented to the court's disposition of the Fund in a summary proceeding. Jurisdiction to try the issues was vested in the District Court sitting as a court of bankruptcy. Since the parties had only a procedural right to have these issues tried in a plenary suit, they were at liberty to waive this right.[11] Petitioners approved the first order which disposed of part of the Fund, and specifically provided that the balance remain "subject to the further orders of" the District Court.

All persons who created or had any possible interest in that portion of the Fund ordered distributed were parties and present in the bankruptcy court. No one of them— including petitioners—asserted or in any way indicated to the bankruptcy court that there could be any interest in the money distributed adverse to respondents. The sole claim adverse to respondents was that of the receiver of the Association, for $20,000. This amount was not distributed and the court retained jurisdiction to determine controversies relating to it.

Petitioners having consented that the Fund be subject to the orders of the bankruptcy court, and that court having determined that petitioners held the Fund as agents of the Association, there was jurisdiction to enter the orders in question.

*Affirmed.*

---

[9] *Taubel-Scott-Kitzmiller Co.* v. *Fox, supra,* 433; see Note 5, *supra.*

[10] Cf. *Mueller* v. *Nugent, supra,* 14.

[11] *MacDonald* v. *Plymouth Trust Co.,* 286 U. S. 263; *Bryan* v. *Bernheimer, supra,* 197; see *Taubel-Scott-Kitzmiller Co.* v. *Fox, supra,* 437; *Page* v. *Arkansas Gas Corp., supra,* 271; cf. *Schumacher* v. *Beeler,* 293 U. S. 367, 369.