## BAGLEY v. ROWLEY.

### In re SILVER DOME, Inc.

#### No. 8907.

Circuit Court of Appeals, Sixth Circuit.
March 2, 1942.

Lewis J. Weitzman and Paul J. Wieselberg, both of Detroit, Mich., for appellant.

Mark Rowley, of Detroit, Mich., pro se, for appellee.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

■ This case came on to be heard upon the briefs and record and oral argument of counsel; and it appearing that appellant filed responsive pleadings constituting a general appearance in the case and thus waived whatever right, if any, he had entitling him to have the issues tried in a plenary suit instead of in a summary proceeding (Cf. Galbraith v. Vallely, Trustee, 256 U.S. 46, 41 S.Ct. 415, 65 L.Ed. 823; Harris v. Avery Brundage Co., 305 U.S. 160, 164, 59 S.Ct. 131, 83 L.Ed. 100).

And it appearing that a special master found that as to the assets involved herein appellant was and is a bailee and agent of the debtor; that title to the trailers in controversy never passed from the debtor to appellant nor to Trailer Distributors, Inc., a corporation completely dominated and controlled by appellant; and that appellant is now wrongfully withholding from the debtor's permanent trustee trailers, or proceeds from the sale thereof, belonging to the debtor; and that appellant's contention that he is an adverse claimant to such assets has no foundation and is a mere pretense; and it appearing that after the reorganization proceedings were instituted appellant executed various affidavits as to his possession of the trailers in question which contradict his present pleadings and testimony;

■ And it appearing that the special master's report was confirmed and the master's findings were adopted by the District Court and are not to be set aside by this court in absence of clear mistake (Fruehauf Trailer Co. v. Bridge, 6 Cir., 84 F.2d 660); and it appearing that there is ample evidence to support the findings; that the asserted adverse claim is merely colorable, and that it is shown by clear and convincing evidence that appellant committed a fraud upon the estate of the debtor, thus working an imposition upon the court itself (Governor Clinton Co. v. Knott, 2 Cir., 120 F.2d 149);

■ And it appearing that the special master correctly concluded that the bankruptcy court, having personal jurisdiction of the appellant, has the power and jurisdiction to compel the appellant to deliver or pay over assets of the debtor fraudulently obtained by him or by Trailer Distributers, Inc. (Cf. Harris v. Avery Brundage Co., supra):

The order appealed from is hereby affirmed.