**In re GOLD MEDAL LAUNDRIES, Inc.**
**KAPLAN et al. v. CLINE.**

No. 8447.

Circuit Court of Appeals, Seventh Circuit.

April 12, 1944.

Rehearing Denied June 6, 1944.

J. H. Schwartz, E. A. Cooper, Norman H. Nachman, and Schwartz & Cooper, all of Chicago, Ill., for appellants.

Simon H. Alster and Russell J. Topper, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

Involved in this appeal are two orders of the District Court. One pertains to an order entered October 22, 1942, reversing an order theretofore entered by the referee which dismissed appellee's petition for a turn-over order because of lack of summary jurisdiction. The other appeal pertains to an order entered September 9, 1943, reversing an order theretofore entered by the referee which dismissed appellee's petition for a turn-over order on the merits.

We shall first consider the propriety of the court's order concerning summary jurisdiction. For such purpose, a brief statement of the facts will suffice. The bankrupt corporation was organized on September 7, 1939, and engaged in the laundry business in Chicago, Illinois, up to June 12, 1940. An involuntary petition for adjudication in bankruptcy was filed on September 22, 1941. On December 22, 1941, the appellee (trustee) filed his petition directed at appellants for a turn-over order, in which he sought to recover for the bankrupt estate certain described personal and real property. Insofar as the matter of summary jurisdiction is concerned, there appears to be no point in relating the contentions of the respective parties as to the ownership of such property or the circumstances upon which their respective claims of ownership are predicated. This is so for the reason that there is no dispute but that appellants obtained possession of the property in question on June 12, 1940, fifteen months prior to the institution of bankruptcy. Furthermore, it is conceded by all parties, and so recognized by the lower court, that appellants are adverse parties.

On January 2, 1942, appellants by answer to the trustee's petition asserted their claim of adversity and that none of the property referred to in the petition ever belonged to the bankrupt. They prayed that an order be entered dismissing the petition and "for such other orders as to the court may seem meet." Testimony was heard by the referee on numerous occasions. On April 30, 1942, an oral motion was made before the referee to dismiss the petition on the ground that appellants were adverse claimants and that the court was without summary jurisdic-

tion in the matter. On May 19, 1942, new counsel appeared for appellants, and by written motion challenged the court's jurisdiction to proceed in a summary manner and prayed that the trustee's petition be dismissed. Briefs were submitted to the referee on the jurisdictional question, and on June 24, 1942, the referee entered a memorandum of opinion and order sustaining the motion to dismiss the trustee's petition for lack of summary jurisdiction. On the trustee's petition for review of this order, the court reversed the referee's order and concluded that appellants had consented to jurisdiction. On re-reference, the referee was directed to decide the issue on the merits. On January 4, 1943, the referee filed his memorandum of opinion and order dismissing the trustee's petition for a turn-over order on the merits. On September 9, 1943, upon the trustee's petition for review, the court again reversed the referee's order on the merits and directed appellants to turn over to the trustee the property in question.

With the concession that appellants were adverse claimants, with actual control and possession of the disputed property, it follows that the court was without summary jurisdiction. Thompson v. Magnolia Petroleum Company, 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876. It has been held, however, that such jurisdictional question must be appropriately raised; otherwise, it will be deemed to have been waived or consented to. It is upon this basis that the trustee seeks an affirmance of the jurisdictional order appealed from.

It is settled that the jurisdictional defense embraces merely a procedural right and that it may be waived in the same manner as any other procedural privilege. MacDonald v. Plymouth County Trust Company, 286 U.S. 263, 267, 52 S.Ct. 505, 76 L.Ed. 1093; Harris v. Avery Brundage Co., 305 U.S. 160, 164, 59 S.Ct. 131, 83 L.Ed. 100. The fact that the defense may be waived, however, is of little consequence in the instant case. The question is whether appellants waived such defense. If so, it must be an implied waiver arising from the failure of appellants to raise the question in apt time.

The trustee places much reliance upon In re Murray, 7 Cir., 92 F.2d 612, and In re West Produce Corp., 2 Cir., 118 F.2d 274, 277. In the Murray case, this court held that an adverse party by his pleading and conduct had consented to jurisdiction. As shown by the opinion, however, the adverse party not only filed an answer to the petition upon the merits but voluntarily conveyed the property to the trustee to abide the outcome of the hearing. This fact alone, we think, is sufficient to distinguish that case from the instant one. In the West case, the court said: "An objection to a summary jurisdiction must be timely. It comes too late if first made after the referee has issued his turn-over order. * * * We think it is also too late if first made at the time of submission for decision, after answer and a hearing on the merits." While the last sentence of this quotation furnishes support for the trustee's position, we think it is contrary to the weight of authority.

The case most nearly in point, according to our view, is Louisville Trust Co. v. Comingor, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413. There, the adverse party answered the petition for turn-over, and some five months later for the first time raised the jurisdictional question before the referee. The referee's holding that the question was not raised in apt time was sustained by the District Court. The action of the District Court was predicated upon an implied consent on the part of Comingor. As pointed out by the Circuit Court of Appeals (Sinsheimer v. Simonson, 6 Cir., 107 F. 898, 904): "But the district judge puts his conclusion upon the ground that the petitioner has acquiesced in the course pursued, by making response to the orders asking to be relieved in the premises, and going into proof before the referee, and making stipulations concerning the proofs on the reference." The Circuit Court reversed the District Court and held that the attack upon summary jurisdiction was sufficient. The Supreme Court affirmed, and in holding that the jurisdictional attack was timely pointed out that "he made his formal protest to the exercise of jurisdiction before the final order was entered." [184 U.S. 18, 22 S.Ct. 296, 46 L.Ed. 413.] In Galbraith v. Vallely, 256 U.S. 46, 50, 41 S.Ct. 415, 416, 65 L.Ed. 823, the court said: "* * * The principle of the Comingor case has never been departed from in this court." In Re Bergstrom, 7 Cir., 1 F.2d 288, this court reversed a turn-over order of the District Court and held that the jurisdictional challenge was sufficient. On page 290 of 1 F.2d we said: "The question of procedure was raised at

least 10 days before the decision, and the right to proceed summarily was directly challenged." In Re Horgan, 1 Cir., 158 F. 774, it was held that the jurisdictional question raised before the entry of the final decree was sufficient, citing Louisville Trust Company v. Comingor, supra. Again, in Re White Satin Mills, Inc., D. C., 25 F.2d 313, it was held that the objection to summary proceeding was sufficient where made after the testimony was heard but prior to the entry of the referee's order.

We are of the view that appellants' objection to the summary procedure was raised in apt time and that the court by the order appealed from erroneously reversed the referee in this respect. Inasmuch as the cause must be reversed on this ground, there is no occasion for us to consider the other order appealed from, that is, the order on the merits of the case. In fact, it perhaps would be improper to do so, as such consideration might prove prejudicial to the rights of the parties in a plenary proceeding which, as shown by the referee's report, is pending in another court.

The cause is reversed, with directions to sustain the order of the referee dismissing the trustee's petition for lack of summary jurisdiction.