Vanderbach & Vanderbach, of Gutenberg, N. J., for defendant.

SMITH, District Judge.

**MADISON MERCANTILE PRODUCTS, Inc., et al. v. FRANK IX & SONS, Inc., et al.**

**Civ. A. No. 10232.**

District Court, D. New Jersey.

Sept. 16, 1947.

The plaintiffs brought suit against the defendants to recover the sum of $6,465.96 allegedly had and received by the defendants under a certain agreement, designated as Contract No. 664. The defendants filed an answer and counterclaim in which they denied their liability to the plaintiffs, although admitting receipt of the said sum, and asserted a claim against the plaintiffs for $10,000. The counterclaim, which alleges a breach of warranty, is likewise based upon a certain agreement, designated as Contract No. 3692.

This action is before the Court at this time on the application of the defendants, made pursuant to Section 3 of the United States Arbitration Act, 9 U.S.C.A. § 3, to stay the trial until arbitration has been had in accordance with the terms of the agreements. This application is resisted by the plaintiffs, who contend that only the issues raised by the counterclaim are referable to arbitration. The contention is untenable.

It is apparent upon a mere reading of the agreements that each is an integrant of the other; the one covers the sale by the plaintiffs and the purchase by the defendants of "Spun Rayon Staple" of specified quality, and the other covers the sale by the defendants and the purchase by the plaintiffs of the finished product. The express provisions of the respective agreements are so obviously related that the agreements, although separately drawn, must be regarded as one contract, at least for the purposes of this action and the present application.

■ It is obvious that the adoption of the procedure suggested by the plaintiffs would result in two hearings of the issues of the controversy, one before the arbitrators and the other before this court. This procedure would violate the essence of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and particularly Rule 13(b) and (c), quoted in the footnote.[1] It is now generally recognized that the fundamental principles of justice demand that the issues of a controversy shall be adjudicated in a single action. The rules of civil procedure are clearly designed to lend force and meaning to these principles.

The application of the defendants is granted. The defendants shall prepare and submit forthwith, and upon notice to the plaintiffs, a proper order.

---

[1] "Rule 13 (b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

"(c) Counterclaim Exceeding Opposing Claim. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party."