BAY CITY SHOVELS, Inc., Appellant,

v.

Arthur M. SCHUELER, Trustee of the Estate of Raymond J. Avendt, Inc., Bankrupt, Appellee.

No. 13017.

United States Court of Appeals
Sixth Circuit.

May 15, 1957.

74

---

Robert C. Boyer, Detroit, Mich., William J. Griffin, Detroit, Mich., on brief; and Griffin, Seely, Boyer & Gilleo, Detroit, Mich., of counsel, for appellant.

Harold E. Mountain, Jr., Detroit, Mich., Kenney, Radom, Rockwell & Mountain, Detroit, Mich., of counsel, for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

Appellant filed a reclamation petition in a bankruptcy proceeding to recover a power shovel on which it held a chattel mortgage. The petition was denied by the referee. This appeal is from the district court's affirmance of the referee's order.[1]

Raymond J. Avendt, Inc., is the bankrupt. Its president was Raymond J. Avendt. He purchased the shovel from one Raymond Lajoie on September 10, 1953. At the time of the purchase he executed a note and chattel mortgage in his individual name. These were the only documents covering the transaction; there was no bill of sale. On the day of the sale Lajoie assigned the note and mortgage to the appellant company, to which he was indebted in an amount

1. Pursuant to stipulation of the parties, the shovel was sold for an amount exceeding the mortgage debt and the pro-ceeds held intact pending the outcome of this litigation.

in excess of the amount of the note. The mortgage was not filed until five days later.

The sale of the shovel was consummated at a meeting at which two of the appellant's officers were present, together with Avendt and Lajoie. The testimony of the four was in conflict as to what was said at the meeting with respect to whether the intended purchaser was the corporation or Avendt individually. The appellant had engaged in several previous transactions with Avendt in which the latter had always acted on behalf of the corporation. Immediately after the sale, the shovel was listed on the corporation's books as a corporate asset, and the corporation subsequently made payments on the note in excess of $5,000. Lajoie had had no previous dealings with Avendt and testified that at the time of the sale he did not know of the corporation's existence.

The referee held that Avendt and the appellant intended the sale of the shovel to be made to the corporation, rather than to Avendt individually, and accordingly ordered reformation of the note and mortgage. Although finding that Lajoie made no mistake of fact at the time of the sale, the referee held that he was chargeable with the mistake of the appellant, whose officers had handled the details of the sale.

■ The effect of thus substituting the corporation as mortgagor was to invalidate the mortgage against the trustee in bankruptcy, an unsatisfied creditor having extended credit to the corporation during the five day interval between the execution and filing of the mortgage. Comp.Laws 1948, § 566.140, Mich.Stat.Anno., § 26.929; Deane v. Fidelity Corporation of Michigan, D.C. W.D.Mich.1949, 82 F.Supp. 710; Moore v. Bay, 1931, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133; G. M. A. C. v. Coller, 6 Cir., 1939, 106 F.2d 584, certiorari denied 1940, 309 U.S. 682, 60 S.Ct. 723, 84 L.Ed. 1026. The corporation's ownership of the shovel and assumption of the mortgage payments, absent such reformation, would not alone be a ground for invalidating the mortgage, since the Michigan recording statute protects only creditors of the mortgagor. Dwight v. Scranton & Watson Lumber Co., 1888, 69 Mich. 127, 36 N.W. 752.

The basic preliminary question is whether reformation of the chattel mortgage was a proper exercise of summary jurisdiction. If it was not, we do not reach the merits on this appeal.

■■ It is settled that a referee in bankruptcy has power to make such a determination if all of the parties concerned consent to his jurisdiction. Harris v. Avery Brundage Co., 1938, 305 U.S. 160, 164, 59 S.Ct. 131, 83 L.Ed. 100; MacDonald v. Plymouth County Trust Co., 1932, 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093; Page v. Arkansas Natural Gas Corp., 1932, 286 U.S. 269, 52 S.Ct. 507, 76 L.Ed. 1096; Reconstruction Finance Corp. v. Riverview State Bank, 10 Cir., 1954, 217 F.2d 455; 2 Collier on Bankruptcy, § 23.08 (14th Ed., 1956). And by filing its reclamation petition in the bankruptcy court the appellant clearly consented to the referee's jurisdiction to dispose of the controversy concerning the validity of the mortgage lien on the shovel, and to rule on any defenses which the trustee might raise. In re Veelock Mfg. Co., D.C.E.D.Pa.1938, 26 F.Supp. 110, affirmed Kelly v. Rieck, 3 Cir., 1939, 102 F.2d 993.

■ However, the referee's order of reformation of the chattel mortgage necessarily affected also the rights of the mortgagee Lajoie, who was not a party to the proceedings and who had not consented to the referee's jurisdiction. It is not clear from the evidence whether Lajoie assigned the note and mortgage to the appellant in payment of his debt or only as security for it. In failing to recognize any independent rights in Lajoie, the referee implicitly held that the assignment was made in payment of Lajoie's indebtedness to the appellant. This determination, however, would be without any binding effect in a subsequent suit by the appellant against Lajoie to collect the

debt. Lajoie not having been a party to the proceedings before the referee, principles of *res judicata* would be unavailable to prevent another court from holding that the mortgage was assigned merely as security and that Lajoie was still liable for the unpaid balance of the debt. See Restatement of the Law of Judgments, § 93; Hornstein v. Kramer Bros. Freight Lines, Inc., 3 Cir., 1943, 133 F.2d 143; Standard Acc. Ins. Co. v. Doiron, 1 Cir., 1948, 170 F.2d 206.

Accordingly we hold that the mortgagee Lajoie is a necessary party to any action in which reformation of the mortgage is sought. We further hold that without his consent he cannot be compelled to submit the question of reformation to determination in a summary proceeding. After a plenary suit in which the trustee, Avendt, and Lajoie are all parties, the referee will be in a position to dispose of appellant's reclamation petition.

The judgment is vacated and the cause remanded for proceedings consistent with the views expressed in this opinion.