**GEORGE A. FULLER COMPANY OF P. R., INC., Appellant,**

v.

**Enrique Jimenez MATTA, Trustee, Appellee.**

**[In the Matter of International Mechanical Engineers and Constructors of Puerto Rico, Inc., Debtor]**

**No. 6763.**

United States Court of Appeals
First Circuit.

Jan. 6, 1967.

Victor House, Wallace Gonzalez Oliver, Francis Gonzalez Oliver and Gonzalez, Jr., Gonzalez Oliver & Novak, Santurce, P. R., on brief for appellant.

Enrique Igaravidez, San Juan, P. R., on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an interlocutory appeal in a bankruptcy matter. 11 U.S.C. §§ 47, 48. Appellant, George A. Fuller Company of Puerto Rico, Inc., hereinafter Fuller, is a general contractor who had employed the debtor, International Mechanical Engineers and Constructors of Puerto Rico, Inc., hereinafter IMEC, as a subcontractor. Fuller, at the time of the bankruptcy, owed IMEC payments under its contracts, but had, or claimed to have, a right under the contracts to retain funds against the possibility of claims by unsatisfied materialmen or workers employed by IMEC. The referee ordered Fuller to turn over the retainages. Fuller sought review by the district court, but, following the district court's affirmance of the referee, failed to take a timely appeal to this court. After the time for appeal had expired Fuller paid the retainages into the bankruptcy court, but requested approval of certain proposed conditions attached to the deposit as to what payments or claims should be paid or secured thereby. The referee rejected the conditions. Fuller sought review, and then appealed from the unfavorable district court action within the statutory 30 days. This appeal must, however, be dismissed.

The referee's original turnover order may, or may not, have been erroneous. Possibly the referee lacked summary jurisdiction to make this decision. But cf. Katchen v. Landy, 1966, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391. The record before us fails to supply the answer. However, it being clear that the referee could have had jurisdiction, 11 U.S.C. § 46, and the issue being one of personal, as distinguished from subject matter, jurisdiction, Harris v. Avery Brundage Co., 1938, 305 U.S. 160, 59 S.Ct. 131, 83 L.Ed. 100, the order became final and unreviewable when Fuller failed to appeal. Pettit v. Doeskin Prods., Inc., 2 Cir., 1959, 270 F.2d 699, cert. den., 362 U.S. 910, 80 S.Ct. 660, 4 L.Ed.2d 618; Namoff v. Hyland Elec. Supply Co., 7 Cir., 1960, 275 F.2d 14, 15, cert. den., 364 U.S. 818, 81 S.Ct. 51, 5 L.Ed.2d 49. Accordingly, it had no right to attach conditions when it complied with the order and paid the funds into court.

The order that Fuller pay in the funds made no provision as to how the funds should be disbursed. Neither did the referee's rejection of Fuller's attempt to impose conditions. Fuller professes fears that it may be obligated as prime contractor to pay materialmen or laborers employed by the debtor who prefer to sue it rather than claim in the bankruptcy court, and that even those who do claim may receive only a dividend, and look to it for the balance. However, the referee may conclude, in due course, that such persons, including Fuller to the extent that it has to compensate them outside, have preferred claims against the fund created by the retainages. Fuller might do well to consider the district court's suggestion to file such a contingent claim. In any event, the present appeal does not raise these questions. Insofar as Fuller's rights have been concluded by the original turnover order, this appeal comes too late. As to anything else, Fuller has not shown itself yet aggrieved.

Appeal dismissed.