In the Matter of Alan S. CANTER—
Chapter XII, Greylock Glen
Corporation—Chapter XI.

COMMUNITY SAVINGS BANK,
Plaintiff,

v.

Alan S. CANTER and Greylock Glen
Corp., Defendant.

Bankruptcy Nos. 78–1717–G, 78–1719–G.

United States Bankruptcy Court,
D. Massachusetts.

Nov. 7, 1979.

Angelo M. Torrisi, New York City, Gordon A. Martin, Boston, Mass., for debtors.

Gregory A. Schmidt, Springfield, Mass., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION TO ENJOIN OR DISMISS THE STATE COURT PROCEEDING

PAUL W. GLENNON, Bankruptcy Judge.

### FINDINGS OF FACT

This action arises out of a first mortgage given to the Plaintiff, Community Savings Bank (Bank) by Defendants on June 5, 1974, securing a Note that same day. The Bank has been seeking to be released from the Automatic Stay provisions of Rules 11–44, and 12–43 of the Bankruptcy Act to foreclose on that mortgage ever since September 13, 1978 when the defendants filed petitions for Arrangement. The defendants subsequently brought Civil Action No. 79–1075 in the Hampden County Superior Court seeking relief and money damages for Twelve Million Dollars ($12,000,000) based on their contention that the Bank breached its oral agreement to fund the Greylock Glen Project to its conclusion. This current dispute arises from the State Court's decision to withhold reconsideration until after a ruling by this Court.

### CONCLUSIONS OF LAW

■ The Supreme Court has made it clear that the Bankruptcy Court has the power, in the first instance, as to whether it has jurisdiction to proceed and, moreover, any determination concerning its own jurisdiction, even though erroneous, is res judicata to a subsequent collateral issue. See: *Matter of Tax Service Association of Illinois*, 305 U.S. 160, 59 S.Ct. 131, 83 L.Ed. 100 (1938); and, *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938). Where property is in the possession of the bankrupt, the Bankruptcy Court has summary jurisdiction to determine whether it or the State Court has jurisdiction over the Res. *In re West Coast Cabinet Works, Inc.*, 92 F.Supp. 636 (S.D.Cal.1950).

The question for decision is the contention of defendants, Alan S. Canter and Greylock Glen Corporation, that this Court lacks jurisdiction to entertain their cause of action brought in the State Court because it is a permissive counterclaim, not a compulsory counterclaim. Defendants argue that a compulsory counterclaim cannot be asserted unless first there has been a claim asserted.

Pure actions for Relief from the Automatic Stay provisions are adversary proceedings governed by Part VII of the Bankruptcy Rules, specifically Rules 701, 10–701, 11–61 and 12–60. Rules 11–61 and 12–60 are applicable in this instance. Rule 11–61 reads "Part VII of the Bankruptcy Rules governs any proceeding instituted by a party before a bankruptcy judge in a Chapter XI case to . . . . 2. determine the validity, priority, or extent of a lien or other interest in property . . . . (and. to) .5. obtain relief from a stay as provided in Rule 11–44". Rule 12–60 reads the same and references Rule 12–43 for a Chapter XII case.

A defendant may procedurally respond to a Complaint for Relief from the Stay by filing an Answer, Motion to Dismiss, Affirmative Defense, Counterclaim or Crossclaim or other proper pleading. See Bankruptcy Rules 712 and 713, and the Federal Rules of Civil Procedure 12(b)–(h) and 13.

■ Defendants further argue that their State Court action is based on what would be a permissive counterclaim in this Court. As such, they contend that they cannot. confer jurisdiction to this Court by interposing a permissive counterclaim which the Bankruptcy Court lacks jurisdiction to entertain. Plaintiff contends that this Court has jurisdiction over the counterclaims in their entirety. The position of this Court is that it has jurisdiction in this instance because the counterclaims of defendants are compulsory not permissive.

■ The object of Rule 13 of the Federal Rules of Civil Procedure, made applicable to the Bankruptcy Courts by Bankruptcy Rule 713, providing that pleading may state as a counterclaim any claim against an opponent party not arising out of a transaction or occurrence that is the subject matter of the opposing parties claim, was to permit all

controversies and points of difference between the parties to be brought out and disposed of in one trial. See *Warren v. Indian Refining Co.*, 30 F.Supp. 281 (D.C. Ind.1940). The fundamental principles of justice demand that the issues of a controversy shall be adjudicated in a single action, and the Rules of Civil Procedure are clearly designed to aid in such principles. *Madison Mercantile Products v. Frank Ix and Sons*, 7 F.R.D. 615 (D.C.N.J.1948).

The terms "transaction or occurrence" of Rule 13(a) referring to when controversies and points of differences should be brought in one trial, shall be broadly interpreted and may include a series of transactions or occurrences and does not require the Court to differentiate between opposing and equitable claims. See: *G & M Tire Co. v. Dunlap Tire and Rubber Corp.*, 36 F.R.D. 440 (D.C.Miss.1964), and *Ohio Casualty Insurance Company v. Maloney*, 3 F.R.D. 341 (D.C.Pa.1943).

The transaction or occurrence language of Rule 13(a) has been used to differentiate between counterclaims and to specifically establish the compulsory or permissive nature of specific counterclaims. A counterclaim is designated as either compulsory or permissive according to its relationship to the opposing parties' claim. See generally: 6 Fed.Prac. & Procedure Sec. 1409.

Four tests have been established to differentiate between compulsory or permissive counterclaims:

(1) Are the issues of fact and law raised by the claim and counterclaims largely the same?

(2) Would res judicata bar a subsequent suit on defendants claim absent the compulsory counterclaim rule?

(3) Will substantially the same evidence support or refute plaintiff's claim as well as defendants counterclaim?

(4) Is there any logical relation between the claim and the counterclaim?

Initially, the question of similarity of issues and facts between the claim and the counterclaim can be considered. Superficially, the claim represents a motion to remove the Automatic Stay provisions of Bankruptcy Rule 314 but a careful consideration of the facts establishes that the claim is to establish the validity of the first mortgage notes and to determine the exact amount of the pre-petition debt owed by the defendants thereunder. The counterclaim is to determine the extent of a breach of an alleged agreement by plaintiffs to fund and finance the Greylock Glen Project.

Admittedly, the claims are not identical, but the test is if they are largely the same. *Connecticut Indemnity Co. v. Lee*, 168 F.2d 420 (C.A.1st 1948). Both deal with the extent of moneys owed to plaintiff by defendants but arise from alternate agreements. The source and parties are the same, and the ultimate amount owed bears directly on the outcome of both, but this test alone does not conclusively answer affirmatively to the sameness of the two claims. The other tests need to be considered.

Secondly, the res judicata test is considered. Judge Frank, in a dissenting opinion in *Libbey-Owens-Ford Glass v. Sylvania Indus. Corp.*, 154 F.2d 814 at 818 (C.A.2d 1946), stated:

"Everyone agrees, too, that, if a counterclaim is not 'compulsory', it is 'permissive' and that the following is the acid test in distinguishing the two: If a defendant fails to set up a 'compulsory' counterclaim, he cannot in a later suit assert it against the plaintiff, since it is barred by res judicata; but if it is 'permissive,' then it is not thus barred. To put it differently, if the counterclaim is the kind not thus barred, it is 'permissive'."

Our situation lends itself poorly to this analysis because of the manner in which the defendant has established his counterclaim as a separate type of debt, not an underlying element of the original secured debt.

The third test, that of sameness of evidence to support or refute both claims, comes close to an affirmative answer to this test. The background facts are identical and the results are relevant to one another. The evidence to determine the validity and

extent of the secured claim may well include all the elements of the claim to show breach of an alleged agreement to fund the project. Standing alone, this test is not in and of itself conclusive but combined with the two prior tests and when added to the results of the final test, the counterclaim is compulsory not permissive.

The final test for determination is the logical relation test. "Essential facts alleged by appellant enter into and constitute in part the cause of action set forth in the counterclaim. That they are not precisely identical, or that the counterclaim embraces additional allegations . . . . does not matter." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). See also: *U.S. for Use and Benefit of D'Agostino Excavators, Inc. v. Heyward Robinson Co.*, 430 F.2d 1077 (C.A.2d 1970) and *Union Paving Co. v. Downer Corp.*, 276 F.2d 468 (C.A.3d 1960). The concept of logical relation was explained in *Revere Copper and Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709 (C.A.5th 1970).

> A claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim either because the same aggregate operating facts serves as a basis of both claims or the core of facts upon which the original claim rests activates additional legal rights in party defendant that otherwise would remain dormant.

Clearly, the instance at bar encompasses the logical relationship approach. The claims arise out of the same aggregate facts because the operative facts serve as a basis for both claims and the core of facts upon which the original claim rests activates additional legal rights in party defendants that otherwise would remain dormant. See also: *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 31 (C.A.3d 1961) (separate trials would involve many of the same factual issues and involve a duplication of time and effort.)

Finally, defendants should bear in mind the purpose of Rule 13(b) as to permissive counterclaims. "Rule 13(b) as finally promulgated simply encourages the parties to assert their independent and unrelated counterclaims in order to dispose of all points of controversy between the litigants in one action, thereby avoiding the costs of multiple suits." *Warren v. Indian Refining Co.*, supra.

Additionally, the defendants argue that Rule 610 of the Rules of Bankruptcy Procedure, made applicable to Chapter XI cases by Rule 11–57 and applicable to Chapter XII cases by Rule 12–56, grants their express authorization to proceed with a plenary action in the State Court. Plaintiff asserts that the defendants have waived their rights by electing this Court as their forum by previously filing and submitting counterclaims.

The Bank filed complaints for Relief from Automatic Stay and to Establish Liens on September 15, 1978. Defendants filed Answers and Counterclaims alleging the same damages they subsequently brought in the State Court. No objection to this Court's Summary Jurisdiction was raised at that time.

The Complaint filed in the Hampden County Superior Court represents the same allegations as the previously filed action in this Court. The action in this Court constitutes a prior pending action and therefore the State Court Action is dismissed. See: *United States v. The Haytian Republic*, 154 U.S. 118, 38 L.Ed. 930.

The doctrine of prior pending action is generally regarded as a two step process to determine: a) whether the right is infringed by the same wrong; and, b) whether the same evidence would suffice to sustain both judgments. If both cases involve the same cause of action but not an action in a different cause of action, the doctrine will be invoked. In our situation, the bottom line is what is the exact amount of the debt owing plaintiff by defendants. The second test, that of the same evidence involved, can best be summarized by viewing the facts and allegations in each separate claim. They are, without argument, identical and would involve the same use of

evidence. "All of these aspects of the case could have been litigated by the plaintiff in the earlier proceeding. He cannot split his cause of action based on the same facts." *Willette v. Webster*, 337 Mass. 98, 102, 148 N.E.2d 267, 271.