**John W. ARNDT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. L–79–60.**

United States District Court,
S. D. Texas,
Laredo Division.

July 28, 1980.

Daniel R. Rutherford, San Antonio, Tex., Lazaro Garza-Gongora, Jr., Laredo, Tex., for plaintiff.

J. A. "Tony" Canales, U. S. Atty., Helen M. Eversberg, Asst. U. S. Atty., Houston, Tex., Suzanne B. O'Neill, William W. Guild, Dept. of Justice, Tax Div., Dallas, Tex., for defendant.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

This is a suit for the refund of approximately $42,000.00 paid as Internal Revenue taxes. *See* 28 U.S.C. § 1346(a)(1) (1976). Pending before the Court is Defendant's Motion to Dismiss the complaint. The Plaintiff seeks to recover taxes which he paid on behalf of Upper Valley Aviation, Inc. ("Upper Valley"). Although not entirely clear from the complaint, Upper Valley apparently fell in arrears in paying its withholding and social security tax liabilities. While the complaint is virtually silent in this regard, Plaintiff's Memorandum in Opposition to the Government's Motion to Dismiss asserts that the IRS levied an attachment upon "certain properties" belonging to Plaintiff and Upper Valley. The memorandum then continues: "These assets were certain improvements which had been attached to real property and the Internal Revenue Service was in the process of selling the improvements in an effort to collect the taxes due by the corporation, Upper Valley Aviation, Inc." Memorandum in Support of Plaintiff's Opposition to Motion to Dismiss p.1. The complaint then adds that the Plaintiff "under protest and pain of losing his property by confiscation, paid . . . total taxes in the amount of $42,007.95". Plaintiff's Original Complaint ¶ III. Subsequent to the payment, the Plaintiff allegedly then filed three Forms 843 (Claim for Refund), claiming that "[t]he IRS dealth [sic] with Jerry Reasonover as though he were owner of the company, turning over the business to him, forcing (in effort) [sic] taxpayer Arndt to pay the

amount involved to temporarily protect his economic interest." *Id.* Exhibit A, B & C. On the three claims forms attached to the complaint and incorporated by reference therein, the Plaintiff asserts that he was not personally liable for Upper Valley's tax deficiency and that he was never personally assessed for this deficiency. The Plaintiff further alleges in the claim form that his payment was made under economic duress. Since the Commissioner did not act on the claim within six months, the Plaintiff filed the instant action praying for a refund and attorney's fees. *See* 26 U.S.C. § 6532(a)(1) (1976); 42 U.S.C. § 1988 (1976). The Defendant has now moved to dismiss this action on the ground that: (1) the Plaintiff has no standing to sue for a refund; and (2) the Court lacks the authority to award attorney's fees in the present suit. *See* Fed. R.Civ.P. 12(b)(2); 12(b)(6).

Section 1346 of Title 28 of the United States Code provides that the district court shall have original jurisdiction of any civil action against the United States for the recovery of any Internal Revenue tax alleged to be erroneously or illegally assessed or collected. 28 U.S.C. § 1346(a)(1) (1976). Courts have consistently held that only a "taxpayer" can bring a refund suit under section 1346. *Collins v. United States,* 209 Ct.Cl. 413, 532 F.2d 1344, 1347–48 n.2 (1976); *Home Indemnity Co. v. Brennan,* 430 F.Supp. 828, 830 (S.D.N.Y.1977); *Mill Factors Corp. v. United States,* 391 F.Supp. 387, 389 (S.D.N.Y.1975); *see Lewis v. Reynolds,* 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293 (1932). The term "taxpayer" means any person subject to any Internal Revenue tax. 26 U.S.C. § 7701(a)(14) (1976).

The present case is controlled by the decision in *Busse v. United States,* 542 F.2d 421 (7th Cir. 1976). In *Busse,* plaintiff's husband secretly liquidated a corporation. The plaintiff and her husband were subsequently divorced and plaintiff was awarded the family home by the divorce court. The IRS then assessed a tax deficiency against the couple for the tax on the income realized by the husband in liquidating the corporation. Plaintiff sold the home to raise cash and, in order to deliver a clear title to the buyer, paid the taxes assessed. The plaintiff subsequently sued for a refund. The issue before the court was whether one who is not liable for a tax but pays it to remove a lien against his property may sue for refund. The district court answered this question in the negative and dismissed the complaint. The Seventh Circuit affirmed and held that a refund suit cannot be maintained by one who pays a third party's taxes. *Id.* at 424. In doing so, the Seventh Circuit specifically distinguished the two cases principally relied upon by the present Plaintiff, namely *United States v. Halton Tractor Co.,* 258 F.2d 612 (9th Cir. 1958) and *Parsons v. Anglim,* 143 F.2d 534 (9th Cir. 1944). According to the court, these two cases had to "be viewed in light of the failure of the Code prior to 1966 to provide a remedy for a third party whose property or interest in property was harmed by a wrongful governmental levy". *Busse v. United States,* 542 F.2d at 425. The Internal Revenue Code has since been amended to cure this deficiency. *See* 26 U.S.C. § 7426 (1976).

■■■ The prevailing view gleaned from the foregoing authorities is that unless the person suing is the one who is actually assessed and potentially owes the tax, no standing exists. *See Home Indemnity Co. v. Brennan,* 430 F.Supp. 828, 830 (S.D.N.Y. 1977). In the present case, the Plaintiff specifically pleads that he was not assessed the tax and he denies any personal liability. Instead, he implicitly alleges that the corporation was the sole liable party. Thus, while the Plaintiff may have a cause of action against the corporation on whose behalf he paid the taxes, he has no valid claim against the United States. *See Fidelity & Casualty Co. of New York v. United States,* 203 Ct.Cl. 486, 490 F.2d 960, 966 (1974). Moreover, it is clear that a refund suit cannot be brought by a person who owns or has an interest in property that has been levied upon to satisfy the tax obligations of a third party. *Phillips v. United States,* 346 F.2d 999, 1000 (2d Cir. 1965); *First National Bank of Emlenton v. United States,* 265

F.2d 297, 299–300 (3d Cir. 1959); *Economy Plumbing & Heating Co. v. United States,* 470 F.2d 585, 589 (Ct.Cl.1972). As stated by the court in *Busse,* there is no good reason for distinguishing between a person whose property is seized to satisfy another person's taxes and a person who pays the tax to eliminate the threat of seizure. 542 F.2d at 425. Accordingly, it is ORDERED that Defendant's Motion to Dismiss is hereby GRANTED. Dismissal renders Plaintiff's claim for attorney's fees moot.