**F. Colleen HUMMELL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 80–36–D–2.**

United States District Court, S. D. Iowa, Davenport Division.

Aug. 12, 1980.

Gene R. Krekel and Gary L. Putnam, Hirsch, Link, Adams, Hoth & Krekel, Burlington, Iowa, for plaintiff.

Roxanne Barton Conlin, U. S. Atty., Des Moines, Iowa, for Southern Dist. of Iowa.

Mary Frances Clark and Richard Gregory, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

### RULING ON MOTION TO DISMISS AND ORDER OF DISMISSAL

VIETOR, District Judge.

On August 8, 1980, the undersigned Judge heard oral arguments of counsel in respect to defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

### FACTS

In essence, plaintiff's complaint, as amended, alleges the following:

A quit claim deed from plaintiff's former husband, dated March 21, 1975, was supposed to have conveyed his interest in a parcel of real estate in Des Moines County, Iowa, to her, but by reason of a scrivenor's error the quit claim deed named plaintiff and her then husband, Glen E. Hummell, as grantees. In order to correct the error, plaintiff and Mr. Hummell executed and delivered to plaintiff on July 15, 1975, a quit claim deed conveying their interest in the real estate to plaintiff, and this instrument was recorded in the office of the Des Moines County Recorder on July 21, 1975.

On July 18, 1975, after execution and delivery of the quit claim deed to plaintiff but before its recordation, a federal tax lien was filed in the office of the Des Moines County Recorder to secure an employer's withholding and F.I.C.A. tax liability as-

sessment against Glen E. Hummell. Plaintiff was not herself subject to the tax liability. She does not contest Mr. Hummell's liability.

In 1976 plaintiff sold the real estate, and in order to provide marketable title she was required to establish an escrow account with Midwest Federal Savings & Loan Association of Eastern Iowa in the amount of $9,500.00. Plaintiff filed an application for certificate of discharge of the property from the federal tax lien pursuant to I.R.C. § 6325(b)(2)(B). On or about July 29, 1976, without consulting plaintiff and without her approval, Midwest Federal Savings & Loan Association of Eastern Iowa paid the tax lien in the amount of $9,429.98 out of the escrow account.

In 1977 plaintiff filed with the district director a claim for refund, which was disallowed.

## PLAINTIFF'S JURISDICTIONAL CLAIM

Plaintiff's complaint alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1346. In her brief, plaintiff more specifically alleges that jurisdiction is predicated on the following portions of section 1346:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

\* \* \* \* \* \*

(e) The district courts shall have original jurisdiction of any civil action against the United States provided in section 7426 of the Internal Revenue Code of 1954.

However, in oral argument plaintiff's counsel conceded that paragraph (e) of section

1346 does not provide a jurisdictional predicate for her claim because no levy on the property occurred.[1] Thus the only legal question presented for this court's consideration is whether plaintiff's complaint is cognizable under section 1346(a)(1).

## CONCLUSIONS OF LAW

■ Section 1346(a)(1) provides jurisdiction for tax refund suits. This section acts not only as a jurisdictional grant but, in conjunction with section 7422 of the Internal Revenue Code of 1954 (26 U.S.C.), as a waiver of sovereign immunity. As such, it must be narrowly construed. *Bruno v. United States*, 547 F.2d 71, 73 (8th Cir. 1976); *Eighth Street Baptist Church, Inc. v. United States*, 431 F.2d 1193, 1194 (10th Cir. 1970); *Phillips v. United States*, 346 F.2d 999, 1000 (2d Cir. 1965).

■ The question presented has previously received an answer from this court adverse to plaintiff. *St. Paul Nat'l Bank v. United States*, 320 F.Supp. 1066 (S.D.Iowa 1970). In that case, The Honorable Roy L. Stephenson, then Chief Judge of this court and now a Judge of the United States Court of Appeals for the Eighth Circuit, stated:

Defendant in answer to plaintiff's contention on the jurisdictional question stresses that plaintiff is not a taxpayer. There is an army of precedents for the proposition that § 1346(a)(1) authorizes suit by a taxpayer only. That is, the decisional law holds that in order to bring an action under this section, plaintiff must be the one against whom the tax in question was assessed. See the line of cases, *Phillips v. United States*, 346 F.2d 999 (2d Cir. 1965); *First National Bank of Emlenton, Pa. v. United States*, 265 F.2d 297 (3 Cir. 1959), affirming 161 F.Supp. 844 (W.D.Pa.1958); *First National Bank of Minneapolis v. United States*, 175 F.Supp. 192 (D.Minn.1959); and *J. A. Peterson-Tomahawk Hills, Inc. v. United States*, 194 F.Supp. 858 (D.Kan.1961). Contra, *McMahon v. United States*, 172

---

1. Section 7426 of the Internal Revenue Code, referred to in paragraph (e) of section 1346, provides for civil actions by persons other than taxpayers for wrongful levy.

F.Supp. 490 (D.R.I.1959). See also, *Stuart v. Willis*, 244 F.2d 925 (9th Cir. 1957).

In its most basic sense, § 1346(a)(1) permits taxpayers to sue the United States in the Federal District Court of their own residence to recover taxes which they feel have been wrongfully collected. It would appear, however, that the right of action therein created is designed to afford relief in situations in which a federal taxpayer feels aggrieved by a deficiency assessment against him; § 1346(a)(1) provides him with a method by which he may contest the Internal Revenue's determination of his tax. In short, a § 1346(a)(1) action is one in which the taxpayer's tax liability is open to question.

*Id.* at 1068.

Since *St. Paul Nat'l Bank v. United States* and the cases cited therein were decided, the Seventh and Fifth Circuits have reached the same result. *Busse v. United States*, 542 F.2d 421 (7th Cir. 1976) (a case in which the facts were very similar to the facts in the instant case); *Hofheinz v. United States*, 511 F.2d 661 (5th Cir. 1975).

Plaintiff relies on *United States v. Halton Tractor Co.*, 258 F.2d 612 (9th Cir. 1958); *Parsons v. Anglim*, 143 F.2d 534 (9th Cir. 1944); *Adams v. United States*, 380 F.Supp. 1033 (D.Mont.1974); and *McMahon v. United States*, 172 F.Supp. 490 (D.R.I. 1959). Except for *Adams*, these cases were decided before enactment of the Federal Tax Lien Act of 1966, P.L. 89–719, 80 Stat. 1125, when the Internal Revenue Code provided no remedy by which one could prevent the Internal Revenue Service from wrongfully levying on one's property in attempting to collect another's taxes. The 1966 Act corrected this inequitable situation by adding section 7426 to the Internal Revenue Code, and thereby removed the equitable need to find jurisdiction under section 1346(a)(1) in such cases. The *Adams* decision is not persuasive, especially in the light of several contrary circuit courts of appeals holdings. The authority of *Adams* has been

expressly rejected by two district judges in the United States District Court for the Southern District of New York. *Home Indem. Co. v. Brennan*, 430 F.Supp. 828, 830 (S.D.N.Y.1977); *Mill Factors Corp. v. United States*, 391 F.Supp. 387, 389 (S.D.N.Y. 1975).

Plaintiff has not been without other remedies. She could have asserted her claim in a quiet title action in state court. She could have awaited levy and asserted her claim under section 1346(e) and section 7426 of the Internal Revenue Code. Also, she may have had, or may still have, a claim for relief under state law against Midwest Federal Savings & Loan Association of Eastern Iowa for paying the tax lien without consulting her and without her approval.

It is my conclusion that this court lacks subject matter jurisdiction because plaintiff is not a taxpayer authorized to bring suit under section 1346(a)(1).

### ORDER OF DISMISSAL

Defendant's motion to dismiss is sustained, and IT IS ORDERED that plaintiff's complaint be dismissed.