Dorothy E. SNODGRASS

v.

UNITED STATES of America.

Civ. A. No. 86–1665.

United States District Court,
W.D. Louisiana,
Shreveport Division.

May 29, 1987.

David Klotz and John Reeks, Bodenheimer, Jones, Klotz & Simmons, Shreveport, La., for plaintiff.

David Crapo, Trial Atty., Dept. of Justice, Washington, D.C., David A. Titman, Asst. U.S. Atty., Shreveport, La., for U.S.

## MEMORANDUM RULING

STAGG, Chief Judge.

Dorothy E. Snodgrass filed a complaint against the United States of America, seeking a refund of federal employee income and social security taxes, penalties and interest which she alleges was erroneously and illegally assessed against and collected from her on September 12, 1985. The taxes and/or penalties were collected pursuant to two tax liens filed against the plaintiff's husband, Thomas F. Snodgrass. Pursuant to 26 U.S.C. § 6672(a), the United States assessed against Mr. Snodgrass a penalty for his alleged failure to pay over to the United States certain federal income taxes and social security taxes withheld from the employees of Latham Exploration Company, Inc. and associated companies during the third and fourth quarters of 1983. Notices of tax liens were filed against Mr. Snodgrass's property, including his family home located at 722 Coachlight Road, Shreveport, Louisiana. This property was a community asset. On September 12, 1985, plaintiff and her husband sold the Coachlight property. In order to release the liens on the property and deliver a clear title, the net proceeds of the sale were sent to the Internal Revenue Service ("IRS") after deduction of superior privileges.

Plaintiff disputes the propriety of the collection of her one-half interest in the property sold. She filed with the IRS a claim for refund of her one-half interest in the property. On April 23, 1986, a Notice of Disallowance was mailed to the plaintiff by the Acting District Director of the IRS. This lawsuit followed.

Plaintiff contends that she is entitled to at least one-half of the proceeds of the sale of her undivided one-half interest in the property, amounting to $25,529.06. In the alternative, she should be entitled to a refund of $7,500, which is equal to one-half of the homestead exemption. Defendant, on the other hand, contends that the plaintiff does not have standing to bring this suit; however, even if there is standing, defendant believes that according to Louisiana community property laws, plaintiff's one-half undivided interest in the property may be seized to satisfy her husband's separate debt.

Currently pending before the court are plaintiff's motion for summary judgment, defendant's motion to dismiss for failure to state a claim upon which relief can be granted, and defendant's cross-motion for summary judgment.

Defendant contends that the plaintiff does not have standing to bring suit, pursuant to 28 U.S.C. § 1346(a)(1). This section provides:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the Internal-Revenue laws; ...

Courts have constantly held that only a "taxpayer" can bring a refund suit under § 1346. *Collins v. United States*, 532 F.2d 1344, 1347–48 n. 2 (Ct.Cl.1976). The term "taxpayer" means any person subject to an Internal Revenue tax. 26 U.S.C. § 7701(a)(14). The jurisprudence shows that in order to bring an action under § 1346, plaintiff must be the one against whom the tax in question was assessed. *Phillips v. United States*, 346 F.2d 999, 1000 (2d Cir.1965) *and the case cited therein*. Because § 1346(a)(1) is a waiver of sovereign immunity, it must be construed narrowly. *Bruno v. United States*, 547 F.2d 71, 73 (8th Cir.1976). ("It is fundamental that where, as in 28 U.S.C. § 1346(a)(1), the sovereign has waived its immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued.") *See also Eighth Street Baptist Church, Inc. v. United States*, 431 F.2d 1193, 1194 (10th Cir.1970).

This case presents the issue of whether one who is not liable for a tax, but pays it in order to be able to sell her property free

and clear of the lien, may sue for refund under § 1346(a)(1). A similar issue was presented in *Busse v. United States*, 542 F.2d 421, 423 (7th Cir.1976). In *Busse,* plaintiff's husband secretly liquidated a corporation. They were subsequently divorced, and plaintiff was awarded the family home by the court. Prior to the divorce, the IRS had assessed deficiencies of approximately $4,300 against the husband for unpaid taxes owed by the corporation. After the divorce decree, the IRS assessed a deficiency of $19,511 jointly against plaintiff and her husband for the tax on the income realized by the husband in liquidating the corporation. The IRS filed tax lien notices on the basis of these assessments. Subsequently, plaintiff sold the family home in order to raise money. However, in order to remove the tax lien on the home and deliver clear title to the buyer, plaintiff paid the assessed taxes.

In a subsequent action for refund, the Seventh Circuit dealt with the issue of whether a person who is not liable for a tax, *i.e.,* the $4,300 tax deficiency, but pays it in order to remove a lien against her property, may sue for a refund. The court held that since she was not the "taxpayer," the plaintiff did not have standing to bring the refund action. Other remedies were available to contest a tax lien, including an action for injunctive relief to prevent a wrongful governmental levy under 26 U.S.C. § 7426. 542 F.2d at 425.

In *Arndt v. United States*, 493 F.Supp. 552 (S.D.Tex.1980), plaintiff sought to recover $42,000 in taxes which he had paid on behalf of a corporation in order to protect his economic interest. After the corporation became delinquent in paying its withholding and social security taxes, the IRS levied on certain properties belonging to the plaintiff and the corporation. The IRS was in the process of selling improvements which had been attached to the real property in order to collect the taxes due from the corporation. The plaintiff paid the $42,000 in taxes in order to avoid losing his property by confiscation. The court held that since plaintiff was never assessed the tax and denied personal liability for the tax, he had no valid refund claim against the United States. 493 F.Supp. at 552. The court did indicate that plaintiff may have a cause of action against the corporation. *Id.* The court further held that a refund suit could not be brought by a person who pays a tax to eliminate the threat of his property being levied since plaintiff's remedy arose under 26 U.S.C. § 7426 for wrongful levy.

In *Hummel v. United States*, 494 F.Supp. 1003 (S.D. Iowa 1980), a former wife of a taxpayer paid her husband's withholding and FICA tax liability in order to remove a federal tax lien which had been issued against joint property owned by plaintiff and her ex-husband. Plaintiff was not, herself, subject to the tax liability. The court held that she lacked standing under 28 U.S.C. § 1346(a)(1) to bring this suit because plaintiff was not the person against whom the tax was assessed. 494 F.Supp. at 1005. The court indicated that she could invoked 26 U.S.C. § 7426 to prevent the IRS from wrongfully levying upon her property in an attempt to collect another person's taxes. *Id.*

In this case, the plaintiff specifically pleads that she was not assessed the tax and she denies any liability. Her husband was the sole liable party. While she may have a cause of action against her husband for reimbursement (*see* La.Civ.Code art. 2364), she has no valid claim against the IRS or the United States pursuant to 28 U.S.C. § 1346(a)(1). It is clear that a refund suit cannot be brought by a person who owns or has an interest in property that has been levied upon to satisfy the tax obligations of a third person. *Phillips*, 346 F.2d at 1000; *Economy Plumbing & Heating Co. v. United States*, 470 F.2d 585, 589 (Ct.Cl.1972). There is no reason for distinguishing between a person whose property is seized to satisfy another person's taxes and a person who pays the tax to release the lien assessed against the property. Plaintiff has no standing to bring an action for refund.

Insofar as the issue of standing is raised in the defendant's cross-motion for summary judgment, which followed its motion for dismissal pursuant to Fed.R.Civ.P. 12(b)–(6), this issue will be treated as though it

were filed pursuant to 12(b)(6) motion. Additionally, since issues of standing attributed to Article III are treated as jurisdictional, and may even be raised by the court, the issue may be treated as a dismissal pursuant to Fed.R.Civ.P. 12(b)–(1) for lack of jurisdiction.

Accordingly, defendant's motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED.

An order consistent with the terms of this memorandum ruling shall issue herewith.