948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Calvin LIGHTHALL, Plaintiff/Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant/Appellee.
 No. 90-2086.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 20, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Calvin Lighthall filed a pro se complaint under 42 U.S.C. § 1983 challenging the propriety of a federal tax penalty assessed against him. Lighthall further alleged that his due process rights had been violated because he was denied a hearing before the tax court. The district court construed Lighthall's complaint to state a claim under 26 U.S.C. § 1346(a)(1).[1] The court concluded that Lighthall had not complied with the jurisdictional requirements of that section and dismissed the action for lack of subject matter jurisdiction. Accordingly, the court did not address the merits of Lighthall's claims. We AFFIRM for the reasons stated in the attached district court order.
 
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF ILLINOIS
 WESTERN DIVISION
 
 2
 CALVIN LIGHTHALL, Plaintiff,
 
 
 3
 v.
 
 
 4
 COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant.
 
 Case No. 88 C 20344
 ORDER
 
 5
 This matter comes before the court on the defendant's motion to dismiss. For the reasons discussed below, that motion is granted and the cause is dismissed.
 
 BACKGROUND
 
 6
 Calvin Lighthall filed a complaint in this court seeking to review the propriety of an IRS assessment against him of $93,116.62. Apparently, Lighthall was found by the Internal Revenue Service (hereinafter "IRS") to be a person responsible for the collection, accounting, and payment of employees' federal withholding taxes at the National Building Service Corporation (hereinafter "NBS"). Pursuant to 26 U.S.C. § 6672, the IRS found Lighthall to be a person responsible for willfully failing to collect, truthfully account for, and failing to pay over these withholding taxes. The assessment of $93,116.62 was a penalty of 100% of the taxes which were to have been paid over to the IRS. Attorneys for the United States have asserted that the court lacks jurisdiction in this matter on the grounds of sovereign immunity and the plaintiff's failure to fulfill the statutory requirements necessary before this court may review the matter.
 
 
 7
 In analyzing a motion to dismiss, this court will not dismiss a complaint unless it is clear there are no set of facts that the plaintiff could prove consistent with the pleadings that would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Murphy v. Lane, 833 F.2d 106, 107 (7th Cir.1987); Vaden v. Village of Maywood, 809 F.2d 361, 363 (7th Cir.), cert. denied, 482 U.S. 908, 107 S.Ct. 2489 (1987). The court will accept all well-pleaded factual allegations in the complaint as true. Vaden, 809 F.2d at 363; Doe v. St. Joseph's Hospital of Fort Wayne, 788 F.2d 411, 414 (7th Cir.1986). In addition, this court will view the allegations in a light most favorable to the non-moving party. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984), cert. denied, 470 U.S. 1054 (1985); Wolfolk v. Rivera, 729 F.2d 1114, 1116 (7th Cir.1984).
 
 
 8
 The defendant here, the United States government, has asserted its sovereign immunity from suit. The application of sovereign immunity prevents the sovereign entity, the United States, from being sued without its consent. There has been a waiver of this immunity to the limited extent of a tax refund suit pursuant to 28 U.S.C. § 1346(a)(1). The waiver of the immunity, however, is narrowly construed, and a prospective plaintiff must be willing and able to fulfill the statutory prerequisites. See, Snodgrass v. United States, 670 F.Supp. 179, 180 (W.D.La.1987), aff'd 834 F.2d 537 (5th Cir.1987) (narrowly construing standing for a taxpayer refund suit).
 
 
 9
 In this case, Lighthall seeks to avoid the 100% penalty imposed by the IRS pursuant to 26 U.S.C. § 6672 for Lighthall's alleged failure to collect and pay over the withholding tax of the employees at NBS Corporation. A suit of this type is adjudicable as a suit for a refund of an illegally assessed tax or penalty. See, 28 U.S.C. § 1346.
 
 
 10
 There are certain prerequisites which must be fulfilled before this court has the jurisdiction to hear a tax refund case. The initial requirement is that the plaintiff must pay the amount due before the matter may be adjudicated. See, Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079 (1958). There is, however, an exception to the challenge of an assessment of a 100% penalty for the failure to pay federal withholding tax. "Under the doctrine of Steele v. United States, 280 F.2d 89 (8th Cir.1960), a taxpayer assessed under § 6672 need only pay the divisible amount of the penalty assessment attributable to a single individual's withholding before instituting a refund action." Boynton v. United States, 566 F.2d 50, 52 (9th Cir.1977). Therefore, the taxpayer must first pay the withholding tax of one employee for one quarter to meet the jurisdictional requirement. Steele, 280 F.2d at 91. Second, the taxpayer must also challenge the assessment through the administrative review procedures of the IRS. See, United States v. Horne, 714 F.2d 206 (1st Cir.1983).
 
 
 11
 Unfortunately, the court lacks jurisdiction to hear Lighthall's complaint. While it appears from the plaintiff's assertions that the assessment was contested at the IRS Appeals Division, there has been no allegation or statement of fact that Lighthall has fulfilled the jurisdictional requirement of paying the minimal amount of tax to claim a refund. Accordingly, the court lacks jurisdiction to hear the plaintiff's complaint.
 
 CONCLUSION
 
 12
 For the reasons stated above, this court lacks jurisdiction over this matter and dismisses the plaintiff's complaint.
 
 ENTER:
 
 13
 /s/STANLEY J. ROSZKOWSKI, JUDGE
 
 UNITED STATES DISTRICT COURT
 DATED: April 12, 1990
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Although Lighthall designated the Commissioner of Internal Revenue as the defendant, the appropriate defendant in an action under 28 U.S.C. § 1346(a)(1) is the United States. 26 U.S.C. § 7422(f)(1) (1989)