OPINION

DIAMOND, District Judge.
Before the court is defendant’s motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) plaintiffs action to recover taxes paid to defendant United States of America. Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1346(a)(1). Defendant, in its motion to dismiss, contends this court lacks jurisdiction over the subject matter since the government has not waived its sovereign immunity and thus plaintiff lacks standing to sue.
In considering a Rule 12(b) motion to dismiss, the material allegations of the complaint are taken as admitted. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969). The complaint should not be dismissed unless it appears that plaintiff could “prove no set of facts'in support of his claim which would entitle him to relief.” Id. at 422, 89 S.Ct. at 1849 (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957)).
The facts, as alleged in plaintiffs complaint, are as follows. Plaintiff Amella M. Barris is the sole owner of the capital stock of a corporation known as Barris Company, Inc. (“Company”). On or about July 25, 1991, defendant United States billed the Company $105,014.03 in additional federal excise tax, plus penalties, which brought the total amount due to $122,779.44. Plaintiff was advised by IRS Agent William Harris that she would be personally liable for the unpaid tax in the event the Company was unable to satisfy its tax obligations. Believing she was personally liable for the taxes owed by the Company, plaintiff paid defendant the sum of $122,779.44. On or about November 27, 1992, plaintiff filed for a refund of the monies paid with the IRS. On or about March 11, 1993, the IRS informed plaintiff that her claim for refund was disallowed in full. On April 1, 1993, plaintiff filed this action to recover the $122,779.44 paid to defendant, plus interest.
Plaintiff invokes jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) which provides:
(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
(1) Any civil action against the United States for the recovery of any Internal Revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the Internal Revenue laws.
Defendant asserts that jurisdiction is lacking since § 1346(a)(1) does not alone constitute a waiver of sovereign immunity. The doctrine of sovereign immunity serves as a bar to suit against the United States unless the government has explicitly waived sovereign immunity. United Liberty Life Ins. Co. v. Ryan, 985 F.2d 1320 (6th Cir.1993). The statutory terms of consent to suit by the United States are to be strictly construed. McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951). The defendant’s argument rests on the contention that the plaintiff is not the proper party to bring such action under § 1346(a)(1). Defendant contends that when 26 U.S.C. § 6511(a), 26 U.S.C. § 7422(a), and 26 U.S.C. § 7701(a)(14) are read in conjunction with 28 U.S.C. § 1346(a)(1), plaintiff lacks standing to sue the United States. These sections of the United States Tax Code impose special requirements on an individual which must be met before that individual can bring suit under § 1346(a)(1). Defendant claims that in order to have the requisite standing to maintain a tax refund suit under 28 U.S.C. § 1346(a)(1), plaintiff must be the taxpayer against whom the tax in question was assessed.
' This court recognizes a split in authority on the issue of whether an individual who paid taxes under the belief of personal liability on behalf of a third party who was actually assessed the tax has standing to sue the *698 United States. In opinions denying jurisdiction under § 1346(a)(1), the reason cited for the denial generally has been that “since this section constitutes a waiver of sovereign immunity, it must be narrowly construed to allow only those taxpayers who were actually assessed taxes by the IRS to bring suit in federal court to recover the amounts paid.” Factory Storage v. United States, 611 F.Supp. 433, 435 (E.D.N.C.1985). See also Ellison v. United States, 558 F.Supp. 158 (W.D.Mo.1982). Other courts have found standing to exist in cases involving this issue on the basis that the person paying the tax did so involuntarily, Schoenherr v. United States, 566 F.Supp. 1365 (E.D.Wisc.1983), equitable considerations permit standing, David v. United States, 551 F.Supp. 850 (C.D.Cal.1982), or that the plain language of 28 U.S.C. § 1346(a)(1) allows a finding of standing in such circumstances, Brodey v. United States, 788 F.Supp. 44 (D.Mass.1991); Martin v. United States, 895 F.2d 992 (4th Cir.1990).
This court concludes that the opinions which support a finding of standing when an individual sues to recover tax monies paid on behalf of a third party under a belief that he was personally liable are more persuasive. It is not disputed that a statute which constitutes a waiver of sovereign immunity must be narrowly construed and that a suit may not be maintained unless it is in strict compliance with the terms of the statute. Ellison v. United States, 558 F.Supp. 158 (W.D.Mo. 1982). But the language of § 1346(a)(1), as well as language in other applicable statutes, allows a finding of standing when facts such as those in this ease are present. Section 1346(a)(1) provides jurisdiction over “any civil action against the United States for the recovery of any Internal Revenue tax alleged to have been erroneously or illegally assessed or collected.” (emphasis added). The rule that only those taxpayers who were actually assessed taxes by the IRS can bring suit for a recovery ignores important language in § 1346(a)(1). It seems clear that in this case, plaintiff has alleged that an Internal Revenue tax has been erroneously or illegally collected from her. Thus, § 1346(a)(1) confers jurisdiction on this court to hear this case.
In addition to complying with the terms of § 1346(a)(1), this court recognizes that § 1346(a)(1) “must be read in conformity with other statutory provisions which qualify a taxpayer’s right to bring a refund suit with certain conditions.” United States v. Dalm, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). Defendant argues that three statutes from the United States Tax Code provide procedural hurdles which contain a standing limitation.
First, 26 U.S.C. § 7422(a) provides that no suit which bases jurisdiction on § 1346(a)(1) can be maintained “... until a claim for refund or credit has been duly filed with the Secretary.” Plaintiff has satisfied this requirement by filing for a refund on or about November 27, 1992. Second, although it is not clear from defendant’s memorandum in support of the motion to dismiss, the IRS interprets the words “by the taxpayer” in 26 U.S.C. § 6511 to mean that only a taxpayer who claims an overpayment regarding his own taxes may sue for a refund. Section 6511(a) requires that a claim for refund “shall be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid_” This section merely imposes a time limitation on the person filing the claim for a refund or an overpayment of tax. The use of the word “taxpayer” in this statute of limitations does not constitute a limitation on standing. E.g. Brodey, 788 F.Supp. at 48. Third, defendant has argued that 26 U.S.C. § 7701(a)(14) creates a limitation on who can be considered a taxpayer who is able to bring suit in federal court. Section 7701(a)(14) simply defines “taxpayer” as “any person subject to any Internal Revenue tax.” This is an inclusive definition and defendant provides no reasoning as to why this court should transform the definition into an exclusive one. See, e.g., Id. at 48.
Defendant supplements its statutory construction argument by providing cases to support its contention that a party must be the taxpayer against whom the tax in question was assessed in order to bring suit on this matter. Defendant cites First National Bank of Emlenton v. United States, 265 F.2d *699 297 (3d Cir.1959), to support this principle. In that case, plaintiff held mortgages which were both senior and junior to particular tax liens placed on third party’s property. The IRS seized and sold this property and plaintiff attempted to recover proceeds of sale in excess of the sum required to satisfy the tax liens which were senior to the mortgages. In denying jurisdiction, the court read § 1346 as “merely authorizing a taxpayer ... to sue to get back taxes which the taxpayer has wrongfully been required to pay.” Id., 265 F.2d at 299-300. The court in First National did not hold that only an individual against whom a tax in question is assessed can bring suit against the United States. Unlike the present case, the plaintiff in First National made no payment to the IRS and thus was not attempting to recover monies paid.[1]
Defendant asserts that the present case is factually similar to Arndt v. United States, 493 F.Supp. 552 (S.D.Tex.1980). In Arndt, the plaintiff paid withholding and social security taxes on behalf of a company that had failed to pay. Plaintiff alleged in that case that the United States Government levied attachments upon certain properties belonging to plaintiff and the company and that the government was in the process of selling these properties in order to gain the tax monies. Plaintiff in Arndt, having never believed he was personally liable, had paid the taxes to avoid losing the property. The court in Arndt ruled that a refund suit cannot be brought by a person who owns or has an interest in property that has been levied upon to satisfy the tax obligations of a third party. Id. at 553 (citing Phillips v. United States, 346 F.2d 999, 1000 (2d Cir.1965)). In addition, the court failed to distinguish between a person whose property is seized to satisfy another person’s taxes and a person who admittedly pays the tax to eliminate the threat of seizure. Arndt at 554; Busse v. United States, 542 F.2d 421, 425 (7th Cir. 1976).
The government’s analogy between Arndt and the present case is based on its allegations that plaintiff paid the Company’s taxes in order to remove a government threat to stop an auction that was being held to satisfy plaintiffs pre-existing debt to a bank for which she was personally liable. These facts have not been alleged in plaintiffs complaint. The only reference to defendant’s allegations in plaintiffs complaint is the ambiguous statement that plaintiff paid the taxes “under the mistaken belief that she was personally liable, and under threat of defendant’s collection efforts.” (Plaintiff Complaint, 2). Because the court must accept plaintiffs allegations that she paid the tax mistakenly as true, defendant’s argument rests on an issue of fact which may not be resolved on a motion to dismiss. Thus, Arndt is not determinative of the issue which is presently before this court.
In sum, the cases which defendant has cited which deny standing to a plaintiff who pays taxes on behalf of a third party in order to remove a levy upon property which that plaintiff owns or has an interest in are factually distinct from this case. Furthermore, this court does not agree that a narrow construction of § 1346(a)(1) prohibits a finding of standing in this case. The statutory language clearly allows jurisdiction on the basis of the facts alleged by plaintiff. Lastly, the procedural statutes in the Tax Code do not place a standing limitation on the plaintiff who has complied with such procedures. Accordingly, the government’s motion to dismiss will be denied.

. In this case, the government argues that plaintiff was not the payor of the monies in question since the check for the taxes showed the remitter as the Barris Co. For the purposes of defendant's motion to dismiss, we must accept plaintiff’s allegation that she personally made the payment as true.